ISKO COMPANY, A CORPORATION

*v.*

STATE OF ILLINOIS.

*Opinion filed April 26, 1921.*

FRANCHISE TAX—*when paid under duress.* Where the Secretary of State makes a demand upon the corporation for payment of its franchise tax assessed against it by him under the provisions of the General Corporation Act upon its authorized capital stock and for increase of authorized capital stock, as shown by its annual report, and the sum demanded is paid under protest by the corporation, the payment so made is a payment made under legal duress.

SAME—*what does not bar claimant's right of recovery.* That claimant made no objection to the amount of the tax assessed by the Secretary of State, and failed to have a day fixed for a hearing thereon as provided by Section 112, of General Corporation Act, does not bar claimant, if it is otherwise entitled to recover.

GENERAL CORPORATION ACT—*Sections 102, 105, 108 and 129, construed.* Section 129 of General Corporation Act does not provide for a double franchise tax, but only provides for a tax for a period of either more or less than one year on corporations organized or increasing their capital stock during the period of more or less than one year, while Sections 102, 105 and 108, provide for a franchise tax for the exact period of one year on the authorized capital stock as shown by the annual report of the corporation.

WAIVER—*when rights of State are not waived.* That the Secretary of State did not demand payment of the franchise tax, or the fee for increase of capital stock upon the filing of the certificate of increase by the corporation, did not waive the right to collect the same, nor bar the State from collecting the fee and tax.

SAME—*State officer cannot waive rights of State.* The Secretary of State cannot by any action of his waive any rights of the State.

COURT OF CLAIMS—*no power to declare statute unconstitutional.* The Court of Claims has no power or authority to declare any statute of the State unconstitutional. It is only the duty of the Court to endeavor to interpret and construe a statute so as to give full force and effect to all its provisions according to the well established rules of statutory construction, and to treat such statutory laws as valid, effective and binding unless held unconstitutional by the Supreme Court of the State.

Edward J. Brundage, Attorney General, for State.

This is a claim by a Delaware corporation authorized to transact business in Illinois, against the State of Illinois for the refund of $10,381.25 paid by claimant to the Secretary of State as an Illinois franchise tax under protest and duress as claimed by claimant.

The facts in this case are not in dispute. On or about February 19, 1920, claimant filed with the Secretary of State its annual report for the calendar year ending December 31, 1919 as required by section 102 of the General Corporation Act of Illinois, in force July 1, 1919, which

report showed that the total authorized capital stock of claimant was $7,125,000.00. On the basis of this report, a franchise tax for the year beginning July 1, 1920, at the statutory rate of 5 cents per one hundred dollars, would amount to $3,562.50.

It further appears that claimant increased its authorized capital stock under the laws of the State of Delaware from $7,125,000.00 to $26,000,000.00, which increase was effective February 4, 1920, and a certificate of such increase was filed with the Secretary of State of Illinois on February 29, 1920. At the time the certificate of increase was filed with the Secretary of State, it appears that no demand for an additional franchise tax on the increase was made upon claimant, neither was any such franchise tax paid at that time.

It further appears that the fees required by sections 96 and 97 of the Corporation Act for increase of authorized capital stock, amounting to $11,107.00 were not paid by claimant to the Secretary of State.

Prior to July 1, 1920, the Secretary of State demanded from claimant the sum of $24,107.00 total fees, made up of the following items:

5c per $100 of franchise tax on $7,125,000.00 of authorized
capital stock, as shown by annual report................ $ 3,562.50
Fees for increase of authorized capital stock............... 11,107.00
Franchise tax on increase of $18,875,000.00 in authorized
capital stock at 5 cents per $100........................ 9,437.50

Total ...................................................$24,107.00
Plus the sum of $1,300.00 penalty, making a total of $25,407.00.

Claimant paid the said amount under protest, and now claims a refund of a part of said amount, amounting to $10,381.25, being $9,437.50 excess franchise fees which it claims it paid, with ten per cent penalty on said amount. Claimant makes no claim at this time for the $11,107.00 fees paid for increase of capital stock, but only claims the franchise tax on the increase of the authorized capital stock of $18,875,000 as shown by the certificate of increase filed with the Secretary of State on February 29, 1920, together with ten per cent, penalty paid on said tax.

Claimant has filed an extensive brief on the question that the payment to the Secretary of State was involuntary and was made under protest, duress and compulsion.

Under the evidence and authorities cited, we are of the opinion that claimant made the payments in question under protest and legal duress. We are further of the opinion that the fact that claimant did not make objection to the amount of said tax as assessed by the Secretary of State and have a day for a hearing thereon set by the Secretary of State as provided by Section 112 of the General Corporation Act, does not in way bar claimant in this case if otherwise entitled to recover.

Claimant contends that section 129 of the Corporation Act is unconstitutional and that it cannot be reconciled with the other sections of said Act relating to the assessing of a franchise tax. It is not the province of this Court to declare any Statute of this State unconsti-

tutional but it is the duty of the Court to endeavor to interpret and construe a certain statute so as to give full force and effect to all of the provisions thereof according to the well established rules of statutory construction. This Court must treat the statutory laws of the State as valid, effective and binding unless held unconstitutional by the Supreme Court of the State.

This Court is of the opinion that the different sections of the Corporation Act as applied to the case at Bar can be reconciled and construed together and that there is no conflict in the different provisions of the sections relating to a franchise tax.

Section 96 of the Corporation Act provides for the payment of a fee of one twentieth of one per cent. On the authorized capital stock of the corporation and a like fee upon any subsequent increase in addition to the fees provided for by section 97.

A refund of the fee for increase of authorized capital stock, paid by claimant and amounting to $11,107.00, is not claimed in this case.

Section 102 of the Corporation Act provides for an annual report to be made between the first day of February and the first day of March of each year for the calendar year ending December the 31st preceding, which report is to be made on forms prescribed and furnished by the Secretary of State and shall contain certain matters required by Statute and such other information as may be necessary in order for the Secretary of State to assess the annual franchise tax. This report must disclose such facts as are necessary to enable the Secretary of State to ascertain the proportion of capital stock of a corporation represented by business transacted and tangible property located in this State. As claimant makes no objection to the payment of the franchise tax of $3,-562.50 on the $7,125,000.00 of authorized capital stock shown by its report of December 31, 1919, filed February 19, 1920, we assume that all of the authorized capital stock shown by said report was represented by business transacted and tangible property located in this State. On the basis of this report, the Secretary of State properly assessed a franchise tax of $3,562.50 to which amount claimant makes no objection.

Section 108 of the Corporation Act provides that "the franchise tax herein provided to be paid shall be due and payable on the first day of July in each year and shall be a franchise tax for the year commencing on the first day of July in which it is due and ending on the thirtieth day of June next thereafter." In other words, the tax of $3,562.50 assessed to claimant on its annual report is the tax on its authorized capital stock as shown by said report, for the year beginning July 1, 1920, and ending June 30, 1921.

Section 129 of the Corporation Act provides that "in addition to all other fees, the Secretary of State shall collect in advance from corporations subject to a franchise tax, annual franchise taxes as follows:" and then provides under paragraphs a, b, c, d and e, for the payment of taxes for periods of less than one year and more than one year. Claimant argues that this section cannot be made operative or construed in harmony with the other sections above mentioned, as it would mean a double taxation. We cannot agree with this contention. Section 129 does not

provide for a double franchise tax, but provides for a franchise tax for a period of either more or less than one year on corporations organized, or increasing their stock, during said period of either more or less than one year, while sections 102, 105 and 108 provide for the payment of a franchise tax for the exact period of one year on the authorized capital stock as shown by the annual report. Section 129 divides corporations into classes according to the parts of the year in which they are organized or have their capital stock increased.

Paragraph d of Section 129 provides that corporations having their capital stock increased between January 1st of any year and the last day of February of the same year, shall pay a franchise tax equal to one-half of the annual franchise tax. Counsel for claimant contends that the Secretary of State assessed claimant the franchise tax for one whole year on the increased capital stock, and that if this section is to be held operative at all, the Secretary of State could only have collected one-half of the franchise tax as the certificate of increase of claimant was filed with the Secretary of State on February 29, 1920.

The Court is of the opinion that said paragraph d provided for a class of corporations organized, or filing their certificates of increase, between January first and the last day of February of any year, and that these corporations should pay a tax equal to one-half of the amount of the franchise tax, which would be a tax for one half of a year, from January first to July 1st, of any year, at which time the amount of the franchise tax for the ensuing year would be due and payable.

Counsel for claimant contends that in order to make said Paragraph d consistent with the other provisions of Section 129, it should have provided for a franchise tax equal to one and one-half times the amount of the annual franchise tax. If this be true, it can be equally said that Paragraph c of said Ssection 129 should have provided for a franchise tax equal to one and three-fourths of the annual franchise tax.

We are of the opinion that Paragraph c of Section 129 provided for a tax equal to three-fourths of the annual franchise tax, for three-quarters of a year, from October 1st to July 1st of any year, and that Paragraph d of said section provided for a tax for one-half of a year, from January first to July 1st.

It appears that the Secretary of State did not demand payment of either the franchise tax or the fee for increase of capitol stock, upon the filing of certificate of increase by claimant, but this does not in any way waive the right to collect the same or bar the State from collection of the fees and tax provided for by law. The Secretary of State could not, by any action of his, waive any rights of the State.

Section 112 of the General Corporation Act, providing for the mailing of notice by the Secretary of State to each corporation of the amount of tax assessed against it, provides that such notice shall contain the amount of the franchise tax assessed against it, for the year next ensuing (meaning the tax assessed against it based on its annual report for the year beginning July 1st following), and the amount, if any, found by the Secretary of State from the annual report to be due upon an increase of capital stock of a foreign corporation represented in this State.

While it would appear from this section that the amount of franchise tax on the increase of capital stock could only be ascertained by the Secretary of State from the annual report, yet it will be found that this section relates only to the mailing of a notice and fixing a day for hearing, and, construed with Section 105, fixing the rate of franchise tax, and with section 129 providing for the amount of the tax to be paid for different periods on increase of capital stock, it seems clear to us that it was the intention of the Legislature to have the Secretary of State collect both the franchise tax as shown by the annual report filed by the corporation, and the amount of franchise tax, if any, due upon increase of authorized capital stock of the corporation as shown by certificate of increase or other documents filed in this office.

We are of the opinion that the different sections of the Corporation Act, above mentioned, can all be construed together and harmonized, and applied to different classes of corporations, and that in the case at bar, the Secretary of State not only had the right to assess the franchise tax of $3,562.50 as based on the annual report, but had the right to assess the franchise tax on the increased capital stock as shown by the certificate of increase filed in this office, which would be a tax equal to one-half of the annual franchise tax, for the period from January 1st, 1920, to July 1st, 1920. The Secretary of State could also, at the same time or later, assess the annual franchise tax on the increased capital stock for the year beginning July 1, 1920, amounting in this case to $9,437.50. He could have demanded the payment of one-half of the amount of the annual franchise tax in advance, as provided by paragraph d of Section 129 above mentioned, upon the filing of the certificate of increase, and then could have assessed and collected the tax for a full year beginning July 1, 1920, on the increase of capital stock as well as that shown by the annual report.

Paragraphs a and e of Section 129 provide for a franchise tax of one and a third times the annual tax where capital stock is increased between March first and July first, being for one-third of a year for the period between March first and July first and for one full year from July first on. March first seems to have been adopted by the Legislature as the date when the tax for the full year could be added to the tax for the fraction of the year and collected at the same time, while for the periods provided for in paragraphs c and d of section 129, the tax for the fractional period of the year only is required to be paid at the time of the filing of certificate of increase and the full amount for the year from July first following may be assessed separately and paid on or before July first.

If claimant's contention were true, a corporation filing a certificate of increase prior to March first of any year would escape the payment of a full year's tax, while a corporation increasing its capital stock after March first would have to pay a full year's tax. This was not, in our opinion, the intention of the Legislature.

We are therefore of the opinion that claimant did not pay to the Secretary of State any excess amount of franchise taxes for increase of capital stock, and is not entitled to recover.

The claim is therefore rejected.