(No. 3502—

ELSIE HARBECK, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1943.*

STANTON & STANTON, for claimant.

GEORGE F. BARRETT, Attorney General; ALEC P. BARNES, JR., AND WILLIAM L. MORGAN, Assistants Attorney General, for respondent.

FISHER, J.

This claim is for damages to claimant's property caused by the construction of State Bond Issue Route No. 63.

Claimant alleges in substance; that she was the owner of all of

"that part of the Northwest quarter of the Southwest quarter of Section 14, Township 41, Range 10, East of the Third Principal Meridian, lying north of Higgins Road, situated in the town of Schaumburg, in the County of Cook, in the State of Illinois."

That in the construction of State Bond Issue No. 63 the Department of Public Works and Buildings required a portion of the said land and in order to acquire the needed portion instituted condemnation proceedings on June 27, 1939, in Cook County, Illinois, Case No. 93060.

That in the course of the said proceedings claimant reached an agreement with the Department of Public Works and Buildings whereby claimant was paid $450.00 for the portion of her land actually taken and the Department of Public Works and Buildings agreed to fill the remaining part of claimant's land to a grade one foot above the center of the proposed State Bond Issue Route No. 63.

That the said agreement was as follows:

### AGREEMENT

"As an inducement to ELSIE HARBECK to execute and deliver her general warranty deed conveying the real estate described in Chicago Title & Trust Company opinion of Title No. 2328837, to-wit:

That part of the West half of the Southwest quarter of Section 14, Township 41 North, Range 10 East of the 3rd P..M. lying North of Higgins Road, bounded on the North by a line 94 feet Northeasterly of and parallel to the following described line: Beginning at a stone in the West line of said Section 14. 146.53 feet North of the Northwest corner of the Southwest quarter of said Section 14, thence Easterly 1384.45 feet along a curve convex to the Southwest, having a radius of 21, 485.94 feet to a point on the East line of the West half of the Southwest quarter of said Section 14, said point being 293.4 feet South of the Northeast Corner of the West half of the Southwest quarter of said Section 14, situated in the County of Cook, in the State of Illinois.

to the Department of Public Works and Buildings of the State of Illinois and

In consideration of her full release, discharge and satisfaction for any and all damages to the real estate owned and retained by her adjoining the aforesaid real estate, which retained real estate is described as:

That part of the Northwest quarter of the Southwest quarter of Section 14, Township 41 North, Range 10, East of the Third Principal Meridian, lying North of Higgins Road, in the County of Cook, Illinois, except that part of the West half of the Southwest quarter of Section 14, Township 41 North, Range 10 East of the 3rd P. M., lying North of Higgins Road, bounded on the North by a line 94 feet Northeasterly of and parallel to the following described line:

Beginning at a stone in the West line of said Section 14, 146.53 feet North of the Northwest corner of the Southwest quarter of said Section 14, thence Easterly 1,384.45 feet along a curve convex to the Southwest, having a radius of 21,485.94 feet to a point on the East line of the West half of the Southwest quarter of said Section 14, said point being 293.4 feet South of the Northeast corner of the West half of the Southwest quarter of said Section 14.

Said Department of Public Works and Buildings of the State of Illinois, does hereby agee to natural dirt fill, without charge to said ELSIE HARBECK, said retained land to a grade of one foot above the center of the road under construction or to be constructed, relocated, improved and widened, abutting, adjoining, or over any of the aforesaid real estate, within six months from the date hereof;

And in consideration of the foregoing, ELSIE HARBECK, does hereby release and discharge said Department of Public Works and Buildings of the State of Illinois, from any and all damages to the aforesaid real estate owned and retained by her.

Department of Public Works and Buildings of the State of Illinois by BEN SCHWARTZ (Seal), Assistant Attorney General and authorized agent of J. E. CASSIDY, Attorney General and authorized agent and attorney for the Department of Public Works and Buildings of the State of Illinois.

ELSIE HARBECK.

Dated, September 29, 1939."

Claimant further alleges that she subsequently requested the Department of Public Works and Buildings to comply with the said agreement but was informed that it had been discovered that to do so would require 8,000 cubic yards of dirt and that the cost of the same would amount to the sum of $11,328.75. Claimant prays for an award for $11,328.75 as and for her damages accruing

through the breach of the aforesaid agreement by the Department of Public Works and Buildings.

The record in this case consists of complaint, amended complaint, stipulation, transcript of evidence, abstract of evidence, motion to dismiss by respondent, claimant's and respondent's statement, brief and argument and numerous exhibits.

Respondent, through the Attorney General, moved to dismiss the complaint on the grounds that respondent is not liable for damages occasioned by the misfeasance, nonfeasance, or malfeasance of its servants or employees.

Respondent contends that the Assistant Attorney General or the Attorney General himself had no authority to enter into a contract such as the contract entered into with claimant herein. Respondent admits that the contract was entered into on the 29th day of September, 1939, the same being signed by one Ben Schwartz, an Assistant Attorney General, the alleged agent of the then Attorney General of the State of Illinois, John E. Cassidy, who had no personal knowledge of the said contract that was signed by his assistant and if he had would have no legal power to authorize the execution of such contract for the Department of Public Works and Buildings of the State of Illinois.

The position of the Attorney General in this respect is sound and with it we must agree. We can find no authority for such an act by an Assistant Attorney General or by a subordinate in the Department of Public Works and Buildings. The alleged agreement is without authority and is void.

Claimant in conveying to Department of Public Works and Buildings of the State of Illinois that portion of the land required by respondent specifically released respondent from all damages to the land taken but did

not release respondent from damages to the adjoining land owned by claimant. The form of release usually taken by respondent contains a release to adjoining land owned by a grantor but in this case this provision of the release was specifically eliminated for the reason that an agreement had been entered into to fill in the adjoining land owned by claimant to grade level.

The facts of this case are not disputed. It is merely a question of what damages, if any, claimant has sustained and is entitled to recover. Claimant conveyed a certain portion of her land to respondent in consideration of what she thought was a fair agreement to secure her from damages to her adjoining property. The fact that this agreement was entered into by the Department of Public Works and Buildings without authority and by one who had no authority to make such an agreement does not relieve respondent from the liability to pay claimant for any damages which she may have sustained. Section 13, Article 2 of the Constitution provides that "private property shall not be taken or damaged for public use without just compensation."

Respondent acquired from claimant a portion of land and paid for the portion acquired. It did not pay for the damages sustained to the remaining portion. For this damage claimant is entitled to compensation.

The land in question is a triangular piece of property well above grade on the east side thereof and very low and below grade on the westerly side thereof. The portion taken by respondent was all from the east side of the property leaving to claimant the westerly portion which is low and under water in wet seasons. The balance of the land remaining to claimant, is, because of said improvement, now without practical value.

While claimant is not entitled to compensation on the basis of the alleged agreement, she is entitled to compensation on the basis of the depreciation in value her remaining land has sustained by reason of the said improvement. In an effort to determine claimant's damages this court has investigated and viewed the property and after much consideration concludes that claimant has sustained additional damages in the sum of $1,000.00 for which sum she is entitled to an award.

An award is therefore entered in favor of claimant, Elsie Harbeck, in the sum of $1,000.00.