(No. 3769—

THE LORD AND BUSHNELL COMPANY, AN ILLINOIS CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1944.*

MARSHALL, MURTAUGH AND BURGESON, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

Eckert, J.

On January 8, 1943, claimant filed its complaint in this court alleging that from December 30, 1937, to July 15, 1940, upon orders of the respondent through its Department of World Fair Exhibits, claimant supplied respondent with various items of lumber; that claimant has not received payment for those items furnished from May 23, 1940, to July 15, 1940; that the orders were signed by Eric Lindgren, Director, World Fair Exhibits; that the orders of May 23, 1940, and following were of the same tenor and form, and upon the same authority as the prior orders; that claimant is entitled to payment for materials furnished in the total sum of $9,141.18 with interest at five per cent per annum from July 31, 1940.

On motion of respondent, the complaint was dismissed on the ground that claimant had failed to allege that the expenditures were approved by the Speaker of the House of Representatives and the President of the Senate of the State of Illinois, or by any person or persons designated by them to act in their stead, as required by Section 3 of "An Act to Create the Afra-Merican Emancipation Exposition Commission, to define its powers and duties, and to make an appropriation therefor," enacted by the Sixty-first General Assembly.

On May 15, 1943, claimant filed its amended complaint, adopting the allegations of the original complaint, and further alleging that Eric Lindgren was a member of the technical staff of the Afra-Merican Emancipation Exposition Commission, and of the Diamond Jubilee Exposition Authority, Inc., the fiscal agency of the American Negro Exposition; that said fiscal agency was the person designated within the provisions of Section 3 of the Act creating the Afra-Merican Emancipation

Exposition Commission, and that Truman K. Gibson, Executive Director of the fiscal agency and of the Exposition, and Eric Lindgren as member of the technical staff, were also duly designated within the provisions of that Act, and that Eric Lindgren, Truman K. Gibson, Diamond Jubilee Exposition Authority, Inc., and Afra-Merican Emancipation Exposition Commission duly and properly approved the purchase of material as required by the Act; that all the duly authorized officers of the government of the State of Illinois, including the then Governor, the Secretary to the Governor, the Director of the Department of Finance, the State Auditor, the State Treasurer, the Speaker of the House, and the President of the Senate, the members of the Afra-Merican Emancipation Exposition Commission, the Director of the Commission, the fiscal agency, and the job supervisors were advised and knew of over fifty separate orders and deliveries made by the claimant over a period of more than two months and approved the same; that if each of these persons did not order the material, such knowledge warranted the continued delivery of goods and cured any deficiency in the authority of Eric Lindgren.

The amended complaint also alleged that the Exposition was scheduled to open on July 4, 1940; that completion of the project was delayed until May 20, 1940, and thereafter, until the opening of the Exposition, an emergency existed whereby unless the material was ordered and delivered immediately, the Exposition could not have commenced and the prestige of the State and the large investments of the State and Federal Governments would have been seriously prejudiced; that this emergency justified the deviation or failure to comply with the statutory requirements for approval, if any such deviation occurred; that at the time the orders were

placed and material delivered there were funds appropriated and not expended in excess of the amount due claimant.

The case is now before the court on respondent's motion to dismiss the amended complaint. The motion is substantially the same as the motion filed to the original complaint.

The Sixty-first General Assembly of the State of Illinois, by an Act approved July 17, 1939, created an Afra-Merican Emancipation Exposition Commission, and made an appropriation for its use. It was from this appropriation that claimant expected payment of the orders in question. Section 3 of the Act, however, provided:

"The exposition authorities shall prepare an estimate prior to the first day of each month of the expenditures to be made during the succeeding month and shall submit the same for the approval of the Speaker of the House of Representatives and the President of the Senate or such persons as they may designate to act in their stead, and no expenditure shall be made from the sums appropriated by this Act unless the same are approved as hereinabove provided for."

This provision was mandatory and an express limitation on the power conferred. (*Martin Root, et al, vs. State,* No. 3673.) Whoever deals with persons exercising a special statutory power does so with notice of the limitation of that power, (*Illinois Central Railroad Company* vs. *State,* 10 C. C. R. 493), and the State cannot be charged on any theory of estoppel. (*Dement, et al* vs. *Rokker, et al,* 126 Ill. 174; *Klimczak et al* vs. *State,* 11 C. C. R. 110; *Schoenig* vs. *State,* 11 C. C. R. 634.) The case of *Volland* vs. *State,* 10 C. C. R. 715, cited by claimant, has been directly overruled by the decision of this court in the Klimczak case. In the case of *King* vs. *State,* 11 C. C. R. 577, also cited by claimant, the question presented was the effect of a departmental ruling, not of a

statutory provision, and is not controlling in this case.

Claimant was bound to know the extent of the powers of the Afra-Merican Emancipation Exposition Commission, and was bound at its peril to know whether or not the expenditures in question had been properly approved. The amended complaint, failing to show compliance with Section 3 of the Act creating the commission, is insufficient to support an award by this court. Respondent's motion to dismiss is therefore sustained.

Claim dismissed.