(No. 79-CV-0051—

*In re* APPLICATION OF MELBA JEAN THOMAS.

*Order filed August 31, 1981.*

SIDNEY E. SMITH, for Claimant.

TYRONE C. FAHNER, Attorney General, for Respondent.

POCH J.

This claim arises out of an incident that occurred on July 22, 1978, in Pontiac, Illinois. Melba Jean Thomas, wife of the victim, William N. Thomas, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant's deceased husband, William N. Thomas, age 48, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: murder (Ill. Rev. Stat. 1977, ch. 38, par. 9—1).

2. That on July 22, 1978, William Thomas was stabbed to death by a prison inmate. The stabbing occurred during a riot at Pontiac Correctional Center. Claimant's husband was a correctional officer at the pris-

on and was on duty when attacked. The victim was taken to St. Joseph's Hospital in Pontiac where he died from stab wounds to the heart.

3. That the Claimant seeks compensation for medical expenses, funeral expenses and loss of support for herself and her minor child, Nelson, age 8.

4. That Claimant incurred medical expenses in the amount of $326.15, all of which was paid by workmen's compensation.

5. That Claimant incurred funeral expenses for the victim in the amount of $2,522.00, $2,000.00 of which is deemed compensable by this Court.

6. The victim was employed by Pontiac Correctional Center prior to his death and his average monthly earnings were $768.54.

7. The victim was 48 years of age at the time of the crime. According to the U.S. Department of Health, Education and Welfare, *Vital Statistics of the United States,* 1973, life tables, vol. II, his life expectancy would have been 27 years.

8. That section of the Act states ". . . loss of support shall be determined on the basis of the victim's average monthly earnings for the six months immediately preceding the date of the injury or on $500.00 per month, whichever is less."

9. That based on $500 per month, the maximum compensable loss of support for 27 years is $162,000.00.

10. That section 7(d) of the Act provides for a deduction of $200 plus the amount of benefits, payments or awards payable under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*), from local governmental, State or Federal funds or from any other source, except annuities, pension plans, Federal

social security benefits and the net proceeds of the first $25,000.00 (twenty five thousand dollars) of life insurance paid or payable to the Claimant.

11. That Claimant has received the following benefits as a result of her husband's death, $316,750.00 of which come under section 7(d) as applicable deductions:

| | |
|---|---|
| $ 45,000.00 | Crown Life Insurance Death Benefits |
| $ 20,000.00 | Law Enforcement Officers' Compensation Act |
| $ 25,000.00 | Public Safety Officers Act |
| $ 1,750.00 | Workmen's Compensation Funeral Benefits |
| $250,000.00 | Workmen's Compensation Award |

12. That the Claimant's net loss for which she seeks compensation is as follows:

| | |
|---|---|
| Compensable loss of support | $162,000.00 |
| Net medical expenses | 0 |
| Compensable funeral expense | 2,000.00 |
| Total | $164,000.00 |
| Less applicable deductions | 316,750.00 |
| Less statutory deduction | 200.00 |
| Net loss | —0— |

13. That section 3(b) of the Act limits the right of compensation to persons who have suffered a pecuniary loss of $200.00 or more attributable to a violent crime resulting in the death or injury of the victim.

14. That the Claimant has not met a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be and is hereby denied.