(No. 76-CV-1240-

*In re* APPLICATION OF VIRGINIA KORNEDER.

*Order filed March 28, 1983.*

HOLSTEIN, MACH & ASSOCIATES (BRUCE WOLF, of counsel, for Claimant.

NEIL F. HARTIGAN, Attorney General (LYNN ROSENTHAL MAYER, Assistant Attorney General, of counsel), for Respondent.

Poch, J.

This cause was heard on oral argument at the request of Claimant, to deny the motion of the Attorney General to dismiss the claim for the reason that claim has failed to show a pecuniary loss of $200 or more as required by section 3(b) of the Crime Victims Compensation Act. Ill. Rev. Stat. 1977, ch. 70, par. 73(b).

The thrust of Claimant's argument is that because of the representation of the Attorney General's office to Claimant's attorney that there would be no exclusion to the compensation received by Claimant under the Workmen's Compensation Act, the State is estopped by such representations, and that this cause was filed on behalf of the minor children of the deceased victim, Louis Korneder, because under the award no direct payment was made to them.

The Court finds:

1. That the Attorney General is subject to the general rule that State officers can neither waive substantive rights of the State without explicit authority nor create *estoppel* which would operate against public policy. *Pro v. Brophy*, 120 P.2d 946, *Hughes v. Illinois Public Aid Commission*, 2 Ill. 2d 374, 118 N.E.2d 14, *Isko Co. v. State*, 4 Ill. Ct. Cl. 171, *Lord & Bushnell v. State*, 13 Ill. Ct. Cl. 189, *Harbech v. State*, 13 Ill. Ct. Cl. 70.

2. The decision of the arbitrator stated, "It is hereby ordered that this award and each of the installments thereof shall be paid to said widow, for her use and benefit and for the care, education, and maintenance of said minor children".

Based upon the above the State is not estopped by the representations of the Attorney General and the minor children were compensated under the decision of the arbitrator in the Workmen's Compensation Act.

The Court finds that as a result of the Claimant's collateral benefits, she has failed to show a pecuniary loss of $200 or more as required by section 3(b) of the Crime Victims Compensation Act. Ill. Rev. Stat. 1977, ch. 70, par. 73(b).

It is therefore hereby ordered, that the claim of Virginia Korneder, be and is hereby dismissed.