(No. 80-CV-0519-

*In re* APPLICATION OF PETER AND MARGARET MORENO, Claimants, and MILDRED MORENO, Claimant on behalf of Cynthia Moreno, minor child of Peter Moreno, deceased victim.

*Opinion filed June 20, 1983.*

TERENCE TYKSINSKI, for Claimants.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on March 7, 1978. Peter and Margaret Moreno, and Mildred Moreno, seek compensation pursuant to the provisions of

the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on February 11, 1980, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the deceased, Peter Moreno, age 34, was a victim of a violent crime as defined in section 2(c) of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 72(c)), to wit: murder. Ill. Rev. Stat. 1977, ch. 38, par. 9—1.

2. That on March 7, 1978, the victim was shot during an attempted robbery by an unknown offender. The incident occurred while the victim was driving his cab at Chatham and Harrison Roads, Elmhurst, Illinois. The victim was pronounced dead on arrival at Memorial Hospital.

The offender was apprehended, convicted on the charge of murder and sentenced to natural life in prison.

3. That the Claimants, Peter and Margaret Moreno, seek compensation for funeral expenses. The Claimant, Mildred Moreno, seeks compensation for loss of support on behalf of the victim's minor child, Cynthia Moreno.

4. That the Claimants, Peter and Margaret Moreno, incurred funeral and burial expenses as a result of the victim's death in the amount of $3,870.00, of which the Claimants have paid $3,870.00.

5. That Cynthia Moreno, the minor child of the Claimant and the victim, was dependent upon the victim for support.

6. That the victim was employed by the Autoride

Cab Company, Inc., prior to his death and his average monthly earnings were $812.50.

7. That section 4 of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 74) states ". . . loss of support shall be determined on the basis of the victim's average monthly earnings for the six months immediately preceding the date of the injury or on $500.00 per month, whichever is less."

8. That Cynthia Moreno was born on October 16, 1964, and attained the age of majority on October 16, 1982, or 4 years and 7 months from the date of the incident.

On October 30, 1967, in the circuit court of Cook County, Illinois, divorce order No. 67 D 1594, the victim was ordered to pay support and maintenance for his minor child in the amount of $80.00 per month.

Based upon the court's order, the maximum amount compensable under section 7(e) of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 77(e)) for loss of support for the 4 years 7 months for which Cynthia Moreno is eligible is $4,400.00.

9. That pursuant to section 7(d) of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 77(d)), this Court must deduct $200.00 from all claims plus the amount of benefits, payments or awards payable under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*), from local governmental, State or Federal funds or from any other source, except annuities, pension plans, Federal social security benefits and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance paid or payable to the Claimant.

10. That the Claimants, Peter and Margaret Moreno, have received $1,750.00 as a result of a Workmen's Compensation settlement. Additionally, under this settlement, the Claimant, Mildred Moreno, will receive $250.00 per

month for the use and benefit of Cynthia Moreno, for the 4-year and 7-month period before she obtained the age of majority. These amounts can be considered applicable deductions pertinent to the respective Claimant.

11. That the Claimants, Peter and Margaret Moreno, comply with all pertinent provisions of the Act and qualify for compensation thereunder.

12. That the Claimants, Peter and Margaret Moreno, are entitled to an award based upon the following:

| | |
|---|---|
| Funeral expenses | $3,870.00 |
| Less Workmen's Compensation | - 1,750.00 |
| Less $200.00 deductible | - 200.00 |
| Net Loss | $1,920.00 |

13. That the Claimant Mildred Moreno's net loss can be computed as follows:

| | |
|---|---|
| Loss of support | $ 4,400.00 |
| Less Workmen's Compensation | $13,750.00 |
| Total | —0— |

14. That pursuant to section 6.1(b) of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 76.1(b)), the right of compensation is limited to persons who have suffered a pecuniary loss of $200.00 or more attributable to a violent crime resulting in the injury or death of the victim.

15. That the Claimant, Mildred Moreno, has not sustained a pecuniary loss of over $200.00 and therefore does not meet the requirement of section 6.1(b) of the Act for compensation.

It is therefore hereby ordered that the sum of $1,920.00 (one thousand nine hundred twenty dollars) be and is hereby awarded to Peter and Margaret Moreno, parents of Peter Moreno, an innocent victim of a violent crime.

It is further ordered that Mildred Moreno does not meet required conditions precedent for compensation,

and her claim for loss of support be and is hereby denied.