(No. 84-CV-1144-)

*In re* APPLICATION OF RODOLFO COREAS.

*Opinion filed April 22, 1987.*

RODOLFO COREAS, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (SALLIE MANLEY, Assistant Attorney General, of counsel), for Respondent.

PATCHETT, J.

This cause comes after a hearing held before a commissioner of this Court. This Court finds that the complaint was filed May 15, 1984, seeking compensation for medical and hospital expenses pursuant to the Crime Victims Compensation Act. Ill. Rev. Stat. 1983, ch. 70, par. 71 *et seq.*

The Claimant was shot during a robbery on September 19, 1983, at Primo's Lounge, 1203 West 47th Street, Chicago, Illinois. He was first taken to Mercy Hospital and treated for gunshot wounds to his left arm and shoulder. He was then transported to Cook County Hospital for further treatment. Claimant does not seek recovery for loss of earnings, as he was unemployed at the time of this incident.

Claimant appeared without counsel, although his application was originally prepared by counsel. The Claimant was difficult to understand, as English was his second language. Despite continuous and vigorous attempts by the commissioner and the Assistant Attorney General to communicate with the Claimant, communication proved difficult.

No court reporter was present during this hearing because of the problem of communication between the Claimant and the Court.

Investigation by the office of the Attorney General disclosed that the Claimant had been a recipient of public aid since 1982, and that the Department of Public Aid had paid for most of his expenses at Mercy Hospital. All of his expenses at Cook County Hospital were paid by the Department of Public Aid. Therefore, the Claimant has no unpaid balance at either hospital.

The office of the Attorney General sent the Claimant two notices by certified mail requesting documentation of any expenses unpaid by him. They received no response. On January 17, 1986, the Attorney General's Office filed a motion to dismiss the claim for want of prosecution. The Court dismissed the claim, and on May 15, 1986, the Claimant requested a hearing which was held before the commissioner of this Court

on August 7, 1986. At the hearing, the Claimant failed to submit any evidence that he had suffered pecuniary loss.

Section 2 (h) of the Crime Victims Compensation Act (Ill. Rev. Stat. 1983, ch. 70, par. 72(h)) defines a pecuniary loss for one who is injured as a result of a violent crime as medical and hospital expenses, medically required nursing care, loss of future earnings because of disability resulting from the injury, and other similar expenses. The Claimant offered no evidence of any unpaid or paid medical expenses by him. The Claimant also suffered no loss of earnings since he was unemployed at the time of the incident.

Where Claimant fails to show a pecuniary loss, the Court has denied compensation. (*In re Application of Korneder* (1983), 35 Ill. Ct. Cl. 1001; *In re Application of Moreno* (1983), 35 Ill. Ct. Cl. 1003; *In re Application of Thomas* (1981), 35 Ill. Ct. Cl. 522; *In re Application of Reyes* (1979), 35 Ill. Ct. Cl. 498.) Section 6.1(b) of the aforesaid Act further requires that the Claimant have a pecuniary loss of $200.00 or more in order to recover. The Claimant, in the case at hand, had none.

Section 8.1 of the Act places the burden substantiating a claim on the Claimant. (*In re Application of Reyes* (1979), 35 Ill. Ct. Cl. 498.) Since the Claimant can prove no loss, we hereby deny this claim.